IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON FRANCE, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 12-268 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| THE PNC FINANCIAL SERVICES ) | |
| GROUP, INC, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## **ORDER**

Subject to the instructions below, Plaintiff's Motion for Leave to Amend (Doc. 13) will be granted, and Defendants' Motion to Dismiss (Doc. 5) will be denied without prejudice.

In response to Defendants' Motion to Dismiss, Plaintiff has moved for leave to amend his Complaint. Plaintiff's request came less than two months after the filing of Defendants' Motion to Dismiss, and, unsurprisingly, Defendants make no effort to demonstrate undue delay or prejudice. Instead, Defendants resist amendment based on futility. *See* Defs.' Opp'n Br. (Doc. 17) at 1.

In the undersigned's view, Defendants' arguments regarding futility currently do not present a clear-cut basis for resolving this case. Accordingly, and because leave to amend otherwise is freely given, Plaintiff will be permitted to amend his Complaint.

In filing his amended complaint, Plaintiff should remove any inviable claims. *Cf.* Defs.' Opp'n Br. at 2-3, 8-9 (noting Plaintiff's proposed addition of ERISA plan as defendant, but his failure to withdraw claims regarding other defendants against whom recovery purportedly cannot be had). Given Defendants' numerous and varied arguments for dismissal, it is important for

counsel to narrow the parties' disputes to the extent possible.  Plaintiff's counsel specifically is directed to carefully review the arguments proffered by Defendants when crafting his amended complaint.

In addition, given that Plaintiff twice has been presented with Defendants' arguments for dismissal -- once within the context of the original Complaint, and once in response to Plaintiff's currently proposed amended complaint (as attached to his Motion for Leave) -- the Court does not anticipate granting further opportunities for amendment.  Under the circumstances, Plaintiff must be prepared to make his last, best efforts to state claims upon which relief may be granted, and the amendment deadline established herein has been extended to accommodate the above instructions.

Finally, once Plaintiff has filed his amended complaint, Defendants may renew their motion to dismiss.  In responding to Defendants' renewed motion, if Plaintiff believes that additional information is required to properly oppose some or all aspects of Defendants' arguments, Plaintiff shall identify the discovery and/or additional information, if any, he believes is necessary, and provide legal authority in support of his position(s).[1]

---

[1] In this ERISA case, Defendants have requested dismissal, at least in part, based on the merits of the Plan administrator's decision denying benefits.  *See* Defs.' Br. (Doc. 6) at 1, 9-13; *see also id.* at n.6 (arguing that "arbitrary and capricious" standard of review applies to plan administrator's decision).  Recently, the Court of Appeals for the Third Circuit implicitly approved of a district court's resolving such an inquiry at the motion-to-dismiss stage. *See* Saltzman v. Independence Blue Cross, 2010 WL 2340182, *2, *7 (3d Cir. Jun. 10, 2010) (affirming district court's grant of motion to dismiss in ERISA case, and applying arbitrary and capricious standard of review).  Given the costs associated with mandatory ADR in this district, as well as the time and expense of taking discovery, it would appear in everyone's best interests for the Court to resolve, sooner rather than later, the legal issues presented.  The parties remain free to confer regarding whether a voluntary exchange of information, in advance of the Court's ruling, may facilitate a more timely and cost-effective resolution of this case.  Likewise, the undersigned is willing to preside over a telephonic status conference, if jointly requested, to discuss streamlined procedures for adjudicating the parties' disputes.  In short,

Consistent with the analyses above:  Plaintiff's Motion for Leave to Amend (**Doc. 13**) is **GRANTED**; Plaintiff shall file his amended complaint by <u>**September 4, 2012**</u>; and Defendants' Motion to Dismiss (**Doc. 6**) is **DENIED**, without prejudice to renewal after Plaintiff files his amended complaint.

    IT IS SO ORDERED.


August 21, 2012                                                                 s\Cathy Bissoon
                                                                                      Cathy Bissoon
                                                                                      United States District Judge

cc (via ECF email notification):

All counsel of record

---

the Court is willing to entertain any reasonable, joint proposals, whether before or after the filing of Plaintiff's amended complaint.